UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BCD COMPANY, REICHERT FAMILY PARTNERSHIP & DON AND BETTIE REICHERT, *Plaintiffs* | § § § § § § | |
| v. | § § | C.A. NO.:   3:21-cv-01213 |
| COVINGTON SPECIALTY INSURANCE COMPANY *Defendant* | § § § | |

## NOTICE OF REMOVAL BY DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY

Defendant Covington Specialty Insurance Company ("Covington") files this Notice of Removal under 28 U.S.C. § 1446(a), as follows:

### Introduction

1. This lawsuit concerns a dispute over a claim for property damage made under a commercial insurance policy.

2. On March 25, 2021, Plaintiffs filed suit against Defendant Covington Specialty Insurance Company ("Covington"), in a case styled Cause No. DC-21-03826; *BCD Company, Reichert Family Partnership, & Don & Bettie Reichert v. Covington Specialty Ins. Co.*; in the 14th Judicial District Court of Dallas County, Texas (the "State Court Lawsuit").

3. On April 26, 2021, Covington received Plaintiffs' Original Petition and citation. [ECF Doc. # 1-7]

## **Removal is Timely, Proper, and Lawful**

4. Removal is timely because Covington files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b). *Am. Film & Printing, Ltd. v. Cowart Mulch Products, Inc.*, no. 3:15-cv-0682-L-BF, 2015 WL 5836599, at *2 (N.D. Tex. July 16, 2015), report and recommendation adopted sub nom. *Am. Film & Printing, Ltd v. Cowart Mulch Products, Inc.*, 2015 WL 5836325 (N.D. Tex. Oct. 1, 2015); *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998).

5. Removal to this District and Division is proper pursuant to 28 U.S.C § 1441(a) because the state court where the lawsuit is pending is located in this District and Division. 28 U.S.C. § 124(a)(1).

6. Removal is lawful because a defendant is permitted to remove a civil action from state court to a district court that has original jurisdiction. 28 U.S.C. § 1441(a). Among other circumstances, district courts have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000. 28 U.S.C. § 1332(a).

7. Here, Covington is a citizen of New Hampshire, where it is incorporated, and Georgia, where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

8. Covington has conducted a diligent investigation to determine the citizenship of all Plaintiffs, including review of information available via the Texas Secretary of State's website and federal court filings and conferring with counsel for Plaintiffs.

9.      Significantly, Plaintiffs allege that they are all residents of Dallas County, Texas [ECF Doc. # 1-7, at p. 2] and counsel for Plaintiffs advised counsel for Covington that Plaintiffs are citizens of Texas and no Plaintiff is a citizen of New Hampshire or Georgia. Moreover, Covington is not aware of any information that indicates any Plaintiff is a citizen of any state other than Texas.

10.     Therefore, after conducting a diligent investigation, Covington pleads, based on information and belief, that:

   a. Plaintiff BCD Company is a citizen of Texas because all of its members or partners are citizens of Texas or it is incorporated in Texas and maintains its principal place of business in Texas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); 28 U.S.C. § 1332(c)(1); *Roche* at 88-89.

   b. Plaintiff Reichert Family Partnership is a citizen of Texas because all of its partners are citizens of Texas. *Carden*, 494 U.S. 185, 195-96 (1990)

   c. Plaintiff Don Reichert is a citizen of Texas because his residence is in Texas and he has the purpose of making that residence his home. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

   d. Plaintiff Bettie Reichert is a citizen of Texas because her residence is in Texas and she has the purpose of making that residence her home. *Id.*

*See also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3rd Cir. 2015); *Miller v. Native Link Constr.*, LLC, CV 15-1605, 2016 WL 4701454, at *7 (W.D. Pa. Sept. 8, 2016).

11. Finally, it is undisputed that the amount in controversy exceeds $75,000. [ECF Doc. # 1-7, at ¶¶ 14, 55, 63] *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). Accordingly, the requirements needed for federal diversity jurisdiction are met as between Plaintiffs and Covington.

## Jury Demand

12. Plaintiffs demanded a jury in the State Court Lawsuit.

## Conclusion and Contemporaneous Removal Filings

13. The State Court Lawsuit should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the parties, and the judgment value of damages sought by Plaintiffs is in excess of the jurisdictional limit.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to Plaintiffs and filed with the clerk of the state court where the suit is pending promptly after the filing of this Notice.

15. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Civil Cover Sheet;
2. Supplemental Civil Cover Sheet;
3. Index of documents being filed;
4. State Court Docket Sheet;
5. All executed process in the case;
6. Pleadings asserting causes of action;
7. All orders signed by the state judge; and
8. Certificate of Interested Person.

16. WHEREFORE, Defendant Covington Specialty Insurance Company requests that this action be removed from the 14th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

/s/ *John Michael Raborn*
 John Michael Raborn
 Attorney in Charge
 State Bar No. 24057364
 jmr@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

ATTORNEYS FOR COVINGTON
SPECIALTY INSURANCE COMPANY

## **CERTIFICATE OF CONFERENCE**

I certify that on May 18, 2021, I conferred with counsel for Plaintiffs, Amanda Fulton, and she advised that Plaintiffs are opposed to this Notice of Removal.

/s/ *John Michael Raborn*
John Michael Raborn

## **CERTIFICATE OF SERVICE**

I certify that on May 26, 2021, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties.

Chad T. Wilson
Amanda J. Fulton
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
832-415-1432
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

/s/ *John Michael Raborn*
John Michael Raborn