FILED
3/25/2021 2:13 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. DC-21-03826

| | | |
|---|---|---|
| BCD COMPANY, REICHERT FAMILY PARTNERSHIP & DON AND BETTIE REICHERT, | § § § § § | IN THE JUDICIAL COURT OF |
| Plaintiffs, | § § | DALLAS COUNTY, TEXAS |
| V. | § § § | |
| COVINGTON SPECIALTY INSURANCE COMPANY, | § § | 14th _____ DISTRICT COURT |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, BCD Company, Reichert Family Partnership & Don and Bettie Reichert, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Covington Specialty Insurance Company ("Covington Specialty Insurance Company") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 1, Texas Rules of Civil Procedure 190.2.

### PARTIES

2.    Plaintiffs, BCD Company, Reichert Family Partnership & Don and Bettie Reichert, reside in Dallas County, Texas.

3.    Defendant, Covington Specialty Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Covington Specialty Insurance Company through the Texas Secretary of

State, Carlos H. Cascos, at **Service of Process, Secretary of State, PO BOX 12079, Austin, Texas 78711-2079.** Plaintiff requests service at this time.

## JURISDICTION

4.    The Court has jurisdiction over Covington Specialty Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Covington Specialty Insurance Company's business activities in the state, including those in Dallas County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Dallas County, Texas because the insured properties are located in Dallas County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiffs assert claims for breach of contract, common law bad faith, fraud, negligence, gross negligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiffs own a Covington Specialty Insurance Company insurance policy, number VBA57421600 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 2615 Cartwright Street, Dallas, Texas 75212; 2204 Hinton Drive, Irving, Texas 75061; 2407 Winnequah Street, Dallas, Texas 75212; 6302 Singleton Boulevard, Dallas, Texas 75212; 4738 Norma Street, Dallas, Texas 75247; and 820 W. Jefferson Boulevard, Dallas, Texas 75208. ("the Properties").

8.    Covington Specialty Insurance Company or its agent sold the Policy, insuring the Properties, to Plaintiffs. Covington Specialty Insurance Company represented to Plaintiffs that the Policy included hail and windstorm coverage. On or about June 6, 2018 the Properties sustained extensive damage resulting from a severe storm that passed through the Dallas, Texas area.

9.    In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Covington Specialty Insurance Company against the Policy for damage to the Properties.  Covington Specialty Insurance Company assigned claim number 7030135424 to Plaintiffs' claim.

10.   Plaintiffs asked Covington Specialty Insurance Company to cover the cost of damage to the Properties pursuant to the Policy.

11.   Covington Specialty Insurance Company hired or assigned its agent, Stephen Farley ("Farley"), to inspect and adjust the claim. Farley conducted an inspection on or about August 19, 2019, according to the information contained in his estimate.  Farley's findings generated an estimate of damages totaling $31,710.24. After application of depreciation and the either one percent or two percent deductible (depending on building) Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

12.   Covington Specialty Insurance Company, through its agent, Farley, conducted a substandard and improper inspection of the Properties, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13.   Covington Specialty Insurance Company and Farley have ultimately refused full coverage which includes, but is not limited to:

**2204 Hinton:** Replacement of the metal roofing, replacement of the fiberglass roofing,

3

17

ridge vents, eave trims, flashing, caps, gutters and downspouts, replacement of interior insulation, poultry-wire mesh fencing and fluorescent light fixtures.

**6302 Singleton:** Replacement of the metal roofing, eave trim, flashing, caps, gutters and downspouts, replacement of interior insulation, poultry-wire mesh fencing and fluorescent light fixtures.

**820 W Jefferson:** Replacement of the metal roofing, ridge cap metal roofing, gable trim, flashing, caps, gutters and downspouts, replacement of interior insulation, poultry-wire mesh fencing and fluorescent light fixtures.

**2615 Cartwright:** Replacement of the metal roofing, ridge cap metal roofing, gable trim, flashing, caps, gutters and downspouts, replacement of interior insulation, poultry-wire mesh fencing and fluorescent light fixtures.

**4738 Norma:** Replacement of the metal roofing, ridge cap metal roofing, gable trim, flashing, caps, gutters and downspouts, replacement of interior insultation, poultry-wire mesh fencing and fluorescent light fixtures.

**2407 Winnequah:** Replacement of the metal roofing, ridge cap metal roofing, gable trim, flashing, caps, gutters and downspouts, replacement of interior insulation, poultry-wire mesh fencing and fluorescent light fixtures.

14.   The damage to Plaintiffs' Properties is currently estimated at $391,111.39.

15.   Farley had a vested interest in undervaluing the claims assigned to him by Covington Specialty Insurance Company in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the

4

part of Farley.

16.    Furthermore, Farley was aware of Plaintiffs' deductible prior to inspecting the Properties. Farley had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17.    Farley misrepresented the actual amount of damage Plaintiffs' Properties sustained in addition to how much it would cost to repair the damage. Farley made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18.    After reviewing Plaintiffs' Policy, Farley misrepresented that the damage was caused by non-covered perils. Farley used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Properties would not be covered under the policy.

19.    As stated above, Covington Specialty Insurance Company and Farley improperly and unreasonably adjusted Plaintiffs' claim. Farley Without limitation, Covington Specialty Insurance Company and misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Properties, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

20.    Covington Specialty Insurance Company and Farley made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Covington Specialty Insurance Company and Farley made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Farley.

5

19

21.  Plaintiffs relied on Covington Specialty Insurance Company and Farley's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Properties. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

22.  Upon receipt of the inspection and estimate reports from Farley, Covington Specialty Insurance Company failed to assess the claim thoroughly. Based upon Farley's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Covington Specialty Insurance Company failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23.  Because Covington Specialty Insurance Company and Farley failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs has been unable to complete any substantive repairs to the Properties. This has caused additional damage to Plaintiffs' Properties.

24.  Furthermore, Covington Specialty Insurance Company and Farley failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, performed an unreasonable and substandard inspection that allowed Covington Specialty Insurance Company to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Properties, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25.  Covington Specialty Insurance Company and Farley's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and

6

Plaintiffs.

26.   Covington Specialty Insurance Company and's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (1). Covington Specialty Insurance Company and have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Covington Specialty Insurance Company and have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27.   Covington Specialty Insurance Company and Farley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A).  Covington Specialty Insurance Company and Farley failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

28.   Additionally, after Covington Specialty Insurance Company received statutory demand on or about July 9, 2020, Covington Specialty Insurance Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

29.   Covington Specialty Insurance Company and Farley's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).   performed a biased and intentionally substandard inspection designed to allow Covington Specialty Insurance Company to refuse to provide full coverage to Plaintiffs

under the Policy.

30.    Specifically, Covington Specialty Insurance Company and Farley performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Properties.

31.    Covington Specialty Insurance Company's and Farley's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to a subpar inspection, Covington Specialty Insurance Company failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

32.    Covington Specialty Insurance Company's and Farley's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Farley's intentional undervaluation of Plaintiffs' claims, Covington Specialty Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Farley's understatement of the damage to the Properties caused Covington Specialty Insurance Company to delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received rightful payment for Plaintiffs' claim.

33.    Covington Specialty Insurance Company's and Farley's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

34.    All paragraphs from the fact section of this petition are hereby incorporated into this

section.

## BREACH OF CONTRACT

35.    Covington Specialty Insurance Company is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Covington Specialty Insurance Company and Plaintiffs.

36.    Covington Specialty Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Covington Specialty Insurance Company's insurance contract with Plaintiffs.

23

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

37.   Covington Specialty Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

38.   Covington Specialty Insurance Company's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

39.   Covington Specialty Insurance Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Covington Specialty Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.   Covington Specialty Insurance Company's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.   Covington Specialty Insurance Company's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

42.     Covington Specialty Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

43.     Covington Specialty Insurance Company's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     Covington Specialty Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     Covington Specialty Insurance Company's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Covington Specialty Insurance Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46.     Covington Specialty Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Covington Specialty Insurance Company pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bring this cause of action against Covington Specialty Insurance Company.  Specifically, Covington Specialty Insurance Company's violations of the DTPA include, without limitation, the

11

25

following matters:

A.    By its acts, omissions, failures, and conduct, Covington Specialty Insurance Company have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.   Covington Specialty Insurance Company's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' properties when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Covington Specialty Insurance Company represented to Plaintiffs that the Policy and Covington Specialty Insurance Company's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Covington Specialty Insurance Company represented to Plaintiffs that Covington Specialty Insurance Company's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Covington Specialty Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Covington Specialty Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2)

12

26

of the DTPA.

F.   Covington Specialty Insurance Company's actions are unconscionable in that Covington Specialty Insurance Company took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Covington Specialty Insurance Company's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Covington Specialty Insurance Company's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.   Each of the above-described acts, omissions, and failures of Covington Specialty Insurance Company is a producing cause of Plaintiffs' damages.  All of Covington Specialty Insurance Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

48.   All allegations above are incorporated herein.

49.   Covington Specialty Insurance Company is liable to Plaintiffs for common-law fraud.

50.   Each and every misrepresentation described above-concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Covington Specialty Insurance Company knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

51.   Covington Specialty Insurance Company made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs

to suffer injury constituting common-law fraud.

## KNOWLEDGE

52.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

53.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

54.    The damages caused to the Properties have not been properly addressed or repaired since the claim was made, causing further damage to the Properties, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

55.    Plaintiffs currently estimate that actual damages to the Properties under the Policy are $391,111.39.

56.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Properties and any investigative and engineering fees incurred.

57.   For breach of contract, Plaintiffs is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

58.   For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

59.   For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

60.   For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Covington Specialty Insurance Company owed, exemplary damages, and damages for emotional distress.

61.   Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish

Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

62.     For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $250,000.00 but not more than $1,000,000.00, excluding interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

64.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

65.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Dallas County, Texas.  Plaintiffs hereby tender the

appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, , be cited and served to appear and that upon trial hereof, , recovers from Defendant,  such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS